**HELEN COOPER**                                                                   **CHAPTER 13--04-10402**

## PLAN SUMMARY

**NOTICE**

This pleading is a Bankruptcy Rule 3015 (d) Summary and Notice of a Chapter 13 Plan of Repayment filed by the above captioned Debtor(s). **This document is only a Summary and in all instances the complete Plan and terms and conditions set forth therein shall be controlling.** The complete plan can be viewed and printed by logging on to PACER at www.lawb.uscourts.gov. To obtain a Password, you may register at http://pacer.psc.uscourts.gov or call the PACER Service Center at 1-800-676-6856. A summary of the contents of the plan filed by Debtor(s) is as follows:

Debtors' **PLAN OF REPAYMENT** pursuant to 11 USC §1321, §1322 and §1325; **PROPOSED ADEQUATE PROTECTION** pursuant to 11 USC §361; and Debtors' **REQUEST FOR VALUATION OF SECURITY** pursuant to 11 USC §506 and Bankruptcy Rule 3012:

I. SUBMISSION OF EARNINGS OR FUTURE INCOME:

    A. Debtor(s) shall make **1 monthly payment** to the Chapter 13 Trustee **in the amount of $50.00** and **34 monthly payments** to the Chapter 13 Trustee **in the amount of $100.00** each, with the first payment being due 30 days after the plan is filed. The Payments shall be made by **DIRECT PAY.**

    B. ADDITIONAL SUMS DEBTOR(S) SHALL REMIT TO THE CH. 13 TRUSTEE:

        **X**   Debtors shall also remit to the Trustee copies of Federal and State tax returns required to be filed for tax years 2003, 2004 AND 2005, **AND** any proceeds received from tax refunds. Debtors **MAY NOT KEEP** Earned Income Credit (EIC) portions of refunds.

        ___ This is a "high dividend" Plan and Debtor(s) may keep tax refunds.

II. CLASSIFICATION OF CLAIMS, WHO SHALL PAY AND PRIORITY/CLASSIFICATION/ RANKING:

    A. CREDITOR(S) DEBTOR(S) WILL PAY DIRECTLY: **NONE**

    B. TRUSTEE WILL DISBURSE PAYMENTS TO AND CLASSIFICATION/ RANKING. From the monies received the Chapter 13 Trustee will pay the following claims in the order set forth (meaning from proceeds received the Trustee will make monthly payments due on provided for claims in the order of their rank herein set forth until the proceeds to disburse are exhausted):

        1. STANDING TRUSTEE'S FEE: The Trustee shall withhold from all disbursements made (except those to Debtors) up to 6%, or as allowed by law.

        2. UNPAID FILING FEES.

        **3.** ADEQUATE PROTECTION PAYMENTS PER 11 USC §361: **NONE**

        4. ASSUMED EXECUTORY CONTRACT PAYMENTS: **NONE**

        5. ALLOWED ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 USC §503(b): Counsel for Debtor(s) has applied for Legal Fees for services rendered through confirmation under 11 USC §330 and §331 in the amount of $1,500.00. These fees shall be paid in monthly disbursements made by the Ch. 13 Trustee in sums remaining after required monthly disbursements are made on claims provided for in (II) (B) (1) through (4).

        6. §506 SECURED CLAIMS-- PAYMENT AND VALUATION OF COLLATERAL: Creditors shall retain liens securing claims until the secured claim is paid in full. Amounts owed beyond Secured Claim portions are included as Unsecured Claims in (II) (B) (9) below. If monthly disbursements to a creditor are possible under Class 6, then no Class 3 Adequate Protection disbursements shall be required nor made to that creditor.

| CREDITOR | COLLATERAL | VALUE/SECURED | HOW PAID |
|---|---|---|---|
| HALL FINANCE | HHG'S | $500.00 @ 12% | $16.61 PER MTH FOR 36 MTHS FOR TOTAL PAYOUT OF $598.00 |
| FIRST CAPITAL LOAN | HHG'S | $250.00 @ 12% | $8.30 PER MTH FOR 36 MTHS FOR TOTAL PAYOUT OF $299.00 |

        7. UNSECURED PRIORITY CLAIMS:     **NONE**

        8. UNSECURED CO-SIGNED CLAIMS TO BE PAID 100%: **NONE**

        9. GENERAL UNSECURED CLAIMS:

            a. Unsecured Claims that cannot be discharged and will receive payment in full: **NONE**

            b. After General Unsecured Claims provided for in (9) (a) are paid in full, all other timely filed general unsecured claims will be paid a dividend of **APPROXIMATELY 17%,** but dividends paid on such claims may vary according to actual claims filed-allowed and amount of tax refunds received.

THIS PLEADING SEEKS RELIEF UNDER THE ABOVE SET FORTH BANKRUPTCY CODE SECTIONS AND COMPLIES WITH AND IS BEING NOTICED PURSUANT TO BANKRUPTCY RULES 2002, 2016, 3012, 3013, 3015 AND 4001.

A NOTICE DOCUMENT IS BEING SENT WITH THIS PLEADING SETTING A CONFIRMATION HEARING ON DEBTOR(S)' PLAN, (I) ABOVE. THIS CONFIRMATION HEARING SHALL ALSO BE THE HEARING ON DEBTOR(S)' REQUEST FOR VALUATION, SUMMARIZED IN (II)(B)(6) ABOVE, AND COMPENSATION FOR DEBTOR(S)' ATTORNEY, SUMMARIZED IN (II)(B)(5)ABOVE. OBJECTIONS TO THE DEBTORS' PLAN, PROPOSED VALUATIONS OR COMPENSATION FOR DEBTOR(S)' COUNSEL MUST BE IN WRITING AND MUST BE FILED WITH THE COURT AND SERVED ON THE DEBTOR(S), DEBTOR(S)' COUNSEL AND THE TRUSTEE AT LEAST FIVE (5) DAYS PRIOR TO THE DATE SET FOR THE CONFIRMATION HEARING. ABSENT ANY OBJECTIONS, THE COURT MAY AT SUCH HEARING CONFIRM THE DEBTOR(S)' PLAN, DETERMINE THE VALUE OF DEBTOR(S)' PROPERTY FOR SECURED CLAIMS PURPOSES, AND SET THE AMOUNT OF COMPENSATION FOR DEBTOR(S)' COUNSEL.

Plan & Plan Summary Date: 2/6/04

Respectfully submitted:
/s/ Kenneth A. Chandler
KENNETH A. CHANDLER
ATTORNEY AT LAW
BAR NUMBER 01757
400 TRAVIS ST., STE. 1404
SHREVEPORT, LA 71101
TELEPHONE: 318-222-4400